Mr. Justice ThacheR
delivered the opinion of the court.
This was writ of error to Kemper county.
The action was instituted under the law of 1837, compelling a plaintiff to sue the drawers and indorsers of bills of exchange and promissory notes, living and resident in the state, in the same action.
There was a plea of payment joined in by all the defendants. The indorser tendered his co-defendant, the drawer, as a witness, to prove his payment of the bill to the plaintiff before suit brought. His competency to testify was objected to by the plaintiff below on the trial, but he was admitted by the court, and a verdict was rendered for all the defendants. The plaintiff embodied his objection in a bill of exceptions. The record gives us no further light upon the trial as to whether the defendants, or either of them, adduced any more or other evidence. If the plea of payment had not been proved, nor other cpnclu--sive evidence for defendants introduced, there must have been a verdict for the plaintiff, which would have involved the drawer, as well as his co-defendants, in a judgment for the amount of the bill, and also for the costs of suit. The rule is, that when all the evidence in the case is not included in the record, in the absence of which, this court cannot otherwise determine upon the propriety of the judgment, it will consider the bare point excepted to below, and adjudge accordingly.
*240 The proffered witness was interested to the extent of the costs, under any view, as the record shows, and the authorities combine in approving the exclusion of any witness who is so interested, however small the amount of that interest. We think the witness was erroneously permitted to testify.
Judgment must be reversed, and a new trial granted by the circuit court of Kemper county.